## J. FRANK LONGBOTHAM v. AL. RITCHIE and Another.[1]

April 19, 1912.

Nos. 17,508—(64).

**Construction of bond.**

The language of a bond construed, and *held:*

1. That it did not by its terms expire on a day stated.

2. That under its conditions, the surety was liable for the full amount of the bond.

Action in the district court for Ramsey county to recover $1,038 from defendant Ritchie under a contract and to recover $500 from defendant George E. Lennon under the bond mentioned in the opinion. The answer of defendant Lennon admitted the execution of the bond, alleged that no service of the action had been had on defendant Al. Ritchie, and that no determination, legal or otherwise, had been had as to the respective rights under the contract and no legal determination had been had as to any sums due plaintiff from defendant Ritchie through Ritchie's failure to perform. The reply alleged that the sheriff was unable to find Ritchie; that defendant Ritchie was not a resident of the state of Minnesota and that therefore no determination, legal or otherwise, could be had by further proceedings against defendant Ritchie, as to the respective rights under the contract, except such determination as may be had by trial of the cause of action alleged against defendant Lennon. The case was tried before Olin B. Lewis, J., who made findings and as conclusions of law ordered judgment in favor of plaintiff and against George E. Lennon for $500. From an order denying defendant Lennon's motion for a new trial, he appealed. Affirmed.

*Thomas McDermott,* for appellant.

*James A. Peterson, Paul J. Thompson* and *Adolphe C. Peterson,* for respondent.

[1] Reported in 135 N. W. 816.

BUNN, J.

September 22, 1909, plaintiff and defendant Ritchie entered into a written contract, by the terms of which plaintiff agreed to deliver to Ritchie at the downtown ball park in St. Paul, on or before October 4, 1909, certain animals, performers, and other adjuncts of a circus, and to give performances there, or at any place Ritchie might direct, for a period of six months. Ritchie agreed to pay for the use of the show $300 per week, and also the cost of transportation and other expenses. The contract contained this recital: "The parties hereto have this day entered into a bond for $500, said bond to be surrendered on October 4, 1909, and second party to deposit with first party in lieu thereof the sum of $500 cash, which said sum is to be held and accepted by the first party in full of all transportation charges of said show and equipment to home quarters, either at termination of this contract by its expiration or termination in any other manner."

On the same day a bond was given to plaintiff, signed by Ritchie as principal and by defendant Lennon as surety, in the sum of $500, which bond was conditioned as follows:

"The condition of this obligation is such that whereas, the said principal has this day entered into a contract with the obligee' for the furnishing of a certain show and the necessary equipment thereof, and has agreed to pay the sum of three hundred ($300.00) dollars per week for rental of said show and wages of persons furnished by said obligee in connection therewith, copy of which contract is attached and made a part thereof:

"Now, therefore, if said principal shall on each and every Sunday morning, commencing with the 10th day of October, 1909, and ending with the 3d day of April, 1910, pay said sum of three hundred ($300.00) dollars, then this obligation shall be void; otherwise, of full force and virtue."

The bond also contained the following clause, at the end, after the condition was recited:

"It is mutually agreed that this bond shall be surrendered by the obligee to the principal on October 4, 1909, after delivery of per-

sonal property required to be furnished by the obligee under contract bearing even date; the principal depositing with him, in lieu thereof, the sum of five hundred ($500.00) dollars in cash, said sum to be held and accepted at termination of contract, whether at expiration of term or otherwise, in full of all transportation charges of said show and equipment."

Plaintiff delivered the animals, performers, and property at the time and place specified; but Ritchie did not, either then or at any time, deposit with plaintiff the sum of $500, and the bond was never surrendered. Ritchie failed to make any of the payments provided by the contract, and finally disappeared, being indebted to plaintiff in the sum of $700 under his agreement to pay $300 per week, and in the sum of $238 for money paid by plaintiff for transportation charges.

This action was brought against Ritchie to recover for breach of his contract, and against defendant Lennon to recover on the bond. Ritchie was not served and did not appear. Defendant Lennon answered, and the trial resulted in a decision that plaintiff was entitled to judgment against defendant Lennon for the sum of $500, with interest. A motion of said defendant for a new trial was denied, and he appealed.

It is the contention of the defendant that the bond, by its terms, expired on October 4, 1909, prior to any breach of the contract. This position is based upon the language of the agreement, contained in the bond, that it "shall be surrendered by the obligee to the principal on October 4, 1909; * * * the principal depositing with him, in lieu thereof, the sum of five hundred ($500.00) dollars in cash." Looking to the entire instrument for the construction of this language, it is clear to us that the intention was merely to give the principal the option of depositing the cash in lieu of the bond. The condition is in plain language, and makes the bond of "full force and virtue" if the principal shall not pay each week the sum of $300. To adopt the construction contended for by defendant would be saying that the parties, in providing for a bond by their contract, and in its execution and delivery, intended that the bond

should be surrendered before there could be a default in its conditions, and without anything in lieu of its security. This is unreasonable, and not justified by the language of the bond and the contract. If the $500 had been paid, the bond would have been no longer in force; but, as it was not paid, the liability of the principal and surety remained exactly as nominated in the bond.

Defendant also contends that, even if the bond remained in force after October 4, the utmost liability of the surety would be the amounts paid by plaintiff for transportation charges. This contention is founded on the language of the bond that the sum of $500, when deposited in lieu of the bond, shall "be held and accepted at termination of contract * * * in full of all transportation charges of said show and equipment." But this provision could only be applicable in case the $500 was paid. It was in no sense a condition of the bond, and has no bearing on the question of the intent of the parties in case the bond remained in force. We cannot disregard the plain language of the penal and condition clauses, and must hold that it was intended to secure the payment of $300 per week. In short, the bond was given, has not expired or been surrendered, and its conditions have been broken. The liability of surety is clear.

Order affirmed.